**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**GEORGE CAMPBELL, JR.,**
     **Petitioner,**

**vs.**                           **Case No.  3:09cv253/LC/MD**

**UNKNOWN,**
     **Respondent.**

---

## REPORT AND RECOMMENDATION

     **This cause is before the Court upon referral from the Clerk.  In May of 2009 petitioner George Campbell, Jr., an inmate of the Florida penal system confined at Walton Correctional Institution, began submitting letters to the Court (addressed to the undersigned), claiming he was being "falsely imprisoned."  (Doc. 1).  The Clerk responded to each letter, advising Mr. Campbell that the Court could not act on the subject matter of his letter unless it was in the form of a formal complaint or lawsuit. With each response, the Clerk provided Mr. Campbell the necessary forms for initiating a cause of action, including the form for obtaining habeas corpus relief. Mr. Campbell ignored each of the Clerk's responses, and continued to seek relief from the Court through letters addressed personally to the undersigned.   Upon receipt of Mr. Campbell's fifth letter, the undersigned directed the Clerk to docket petitioner's correspondence as a petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. 1).**

     **The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), as well as the Local Rules of this Court require that any application for habeas corpus relief be filed on the appropriate court form.  *See***

Habeas Rule 2(d); N.D. Fla. Loc. R. 5.1(J). Accordingly, in an order entered June 16, 2009, Mr. Campbell was directed to file the following items within thirty days: (1) an amended habeas corpus petition on the § 2254 form; and (2) either a complete application to proceed *in forma pauperis*, or the $5.00 filing fee. (Doc. 4). Mr. Campbell was provided the court forms necessary for submitting these documents, and warned that his failure to timely comply with the order would result in a recommendation of dismissal of this action.

Two months elapsed, and Mr. Campbell failed to comply with the Court's order, although he continued corresponding with the Court in letter form.[1] Accordingly, on August 14, 2009, the Court entered an order directing petitioner to show cause, within twenty days, why this case should not be dismissed for failure to comply with an order of the court. (Doc. 17). In response, the Court received more non-complying documents from Mr. Campbell. In order to document the nature of his correspondence, the Court accepted one document as a response to the order to show cause. In that response, Mr. Campbell stated that he had received the court's "letter." He further advised: "I have tryed [sic] to retreive [sic] my property with no succss [sic]. I do believe they have destroyed my property here at Walton C.I." (Doc. 24).

In an order entered October 5, 2009, the Court advised Mr. Campbell that regardless of the status of his property, he must comply with the June 16, 2009 order if he was going to proceed with this case. The Court provided Mr. Campbell another set of forms for filing an amended § 2254 petition and an *in forma pauperis* application, and gave him another thirty days in which to file this required paperwork. Mr. Campbell was specifically warned, in boldface type, that failure to submit an amended petition and *in forma pauperis* application would result in dismissal of this case without further notice. (Doc. 30).

---

[1]In each instance, Mr. Campbell's correspondence was returned to him without filing, accompanied by an order explaining the deficiency and how it could be corrected. (*See* Docs. 5, 8, 9, 11, 12, 15, 16).

To date, Mr. Campbell has not complied with any of the Court's orders. He has not filed an amended § 2254 petition, and he has not paid the filing fee or submitted an *in forma pauperis* application. Instead, he has continued to submit non-complying documents (*see* Docs. 32, 34, 36, 38, 40), and most recently has engaged in a pattern of resubmitting the same document on an almost daily basis (*see* Docs. 43, 44, 45, 48, 49, 50). Again, to document the nature of Mr. Campbell's correspondence, the Court has directed that one such document be posted to the electronic file. (Doc. 44). The document reads (as written):

> I am a member of NAACP of Mobile, Alabama and this case of false imprisonment that is in your court and has only thirty days to be answerd to – Apond receiveing this case in the month of Jun I sent this case out to my counsel the NAACP in the same month of receive the case and have not receive any information from my counsel.

> They are taking my mail and this is not there first time they have take'ed my mail, while I was in the Escambia County Jail, Northern West Florida Recption Center and Walton Correctional Institution.

> They are useing a satellite to watch my every move and to listend to every thing I say from the beginning of this investigation.

(Doc. 44).

In essence, Mr. Campbell is indicating that he received the Court's June order, as well as its October order granting a 30-day extension. He does not assert that he has been unable to file the forms provided by the Court. Rather, he is choosing not to file them in the expectation or hope that the NAACP will represent him. Mr. Campbell's desire for representation does not excuse his non-compliance. It is his responsibility to litigate his case. And, although he attempts to blame his institution by implying that they may have intercepted mail from the NAACP, his assertion amounts to nothing more than speculation. Mr. Campbell provides nothing to suggest that the NAACP has agreed to represent him in this case. No notice of appearance has been filed and, as petitioner is aware through this court's show cause order, no amended habeas petition has been filed on his behalf.

The bottom line is that five months have passed, and Mr. Campbell still has not filed a proper petition in this case, and still has not paid the habeas filing fee or applied for leave to proceed *in forma pauperis*, despite having twice received the necessary court forms. His correspondence indicates that his non-compliance is voluntary and not due to any impediment beyond his control. Because Mr. Campbell has failed to comply with this Court's orders despite being given numerous opportunities to do so, this case should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with an order of the court.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 6th day of November, 2009.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).